UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| GARLAND L. BATTEN, | ) | CASE NO.  5:07CV3105 |
| | ) | |
| Petitioner, | ) | JUDGE SARA LIOI |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| | ) |  AND ORDER |
| GREG JOHNSON, CHIEF PROBATION OFFICER, et al | ) ) | |
| | ) | |
| Respondents. | ) | |

On October 10, 2007, *pro se* petitioner Garland L. Batten filed the above-captioned petition for a writ of habeas corpus under 28 U.S.C. § 2241. He also asserts this court's federal question jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1346 and the Civil Rights Act, 42 U.S.C. § 1983. Mr. Batten, an Ohio resident, names the following respondents: Greg Johnson, Chief Probation Officer for the Northern District of Ohio; Marianne Boros, Deputy Chief Probation Officer (Cleveland); Robert Dloniak, Deputy Chief Probation Officer (Akron); Roy Saenz, Deputy Chief Probation Officer (Akron); Sue Worstall, Supervising Probation Officer (Akron); Steve Koketko, Supervising Probation Officer; Donald Stranathan, Probation Officer; Robert Bulford, Jr., Assistant United States Attorney; Attorney Robert Smith, III; Anthony Kelly, Akron Police Department; John Ross, Akron Police Department; Retired Judicial Officer Paul R. Matia; Judge John R. Adams, United States District Court of Ohio; and Brian Loprinzi, Assistant Summit County Prosecutor. Mr. Batten believes he was wrongfully convicted of a crime in 2001 and that since his release in 2006, he has been suffering the constraints of an unjust supervised release term.

He seeks the restoration "of all his liberties; the dismissal of all fines, costs, or assessment derived from those constitutional injustices proffered herein; & for each party named in the above caption [sic] style, to show cause why relief should not be granted as a result of the multiple constitutional violations proffered intra."(Pet. at 5-6.)  For the reasons stated below, the petition is denied and this action is dismissed.

*Factual and Procedural Background*

Mr. Batten was charged with being a felon in possession of a firearm in an indictment issued in this court on December 12, 2001. *United States v. Batten*, No. 5:01-cr-0554 (N.D. Ohio filed Dec. 12, 2001). A petition for writ of habeas corpus *ad prosequendum* was filed by Assistant United States Attorney Robert Bulford on December 17, 2001 to request the transfer of Mr. Batten to federal court for his arraignment on the charge. The petition was granted and Mr. Batten pleaded not guilty to the charge during his arraignment on December 20, 2001.

On January 24, 2002, Mr. Batten's appointed counsel, Robert Smith, filed a motion to suppress evidence and statements made by petitioner. A suppression hearing was held on February 12, 2002, wherein Judge Matia determined that the police stop was legal and, thus, petitioner's motion to suppress was overruled. A jury trial commenced on February 20, 2002.

A jury found petitioner guilty on February 22, 2002 of being a felon in possession of a weapon in violation of 18 U.S.C. 922(g)(1). Mr. Batten was sentenced to a term of imprisonment of sixty-eight (68) months plus three (3) years supervised release. He was released from prison on November 7, 2006 and is still is serving his supervised release term.

In his petition before the court, Mr. Batten argues that his supervised release is restraining him from enjoying many liberties which members of the general public are entitled to

2

enjoy. He maintains that he is "a victim under the aforesaid supervised release behind the multiple constitutional injustices that follows; that, each respondent named were informed & are aware of said injustices, but sit idly by to conceal their occurrences." (Pet. at 5.) He exhaustively outlines several issues challenging the circumstances which led to his arrest for the offense of which the jury found him guilty. Were it not for this "tainted" conviction, Mr. Batten maintains that he would not be serving a term of supervised release.

*28 U.S.C. § 2241*

**a.     Custody Status**

It is provided by statute that:

> The writ of habeas corpus shall not extend to a prisoner unless--
>
> (1) He is in custody under or by color of the authority of the United States or is committed for trial before some court thereof; or
> (2) He is in custody for an act done or omitted in pursuance of an Act of Congress, or an order, process, judgment or decree of a court or judge of the United States; or
> (3) He is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2241(c)(2007). Although Mr. Batten is not currently a prison inmate, courts have held that a paroled prisoner is "in custody" for the purposes of 28 U.S.C. § 2241. *Jones v. Cunningham*, 371 U.S. 236 (1963). "While petitioner's parole releases him from immediate physical imprisonment, it imposes conditions which significantly confine and restrain his freedom; this is enough to keep him in the 'custody' of the members of the Virginia Parole Board within the meaning of the habeas corpus statute . . . ." *Id.* at 243; *see also DePompei v. Ohio Adult Parole Auth.*, 999 F.2d 138, 140 (6th Cir.1993). Therefore, for purposes of reviewing his petition in this

court pursuant to § 2241, Mr. Batten is "in custody."

**b.	Challenging a Conviction**

Courts have uniformly held that claims asserted by federal prisoners seeking to challenge their convictions or imposition of their sentence shall be filed in the sentencing court under 28 U.S.C. § 2255, *see Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996); *Cabrera v. United States*, 972 F.2d 23, 25-26 (2d Cir.1992); *Cohen v. United States*, 593 F.2d 766, 770 (6th Cir.1979). This includes attempts to set aside a term of supervised release. *See United States v. Cofield*, 233 F.3d 405, 407-08 (6th Cir.2000). Thus, a federal prisoner may not challenge his conviction and sentence under § 2241 , "if it appears that the applicant has failed to apply for relief, by [§ 2255] motion, to the court which sentenced him, or that such court has denied relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." *See* 28 U.S.C. § 2255 (last clause in fifth paragraph, the "savings clause"); *Charles*, 180 F.3d at 755-56; *Capaldi*, 135 F.3d at 1123.

Mr. Batten already challenged his conviction through a post-conviction motion under 28 U.S.C. § 2255 without success. *See Batten v. United States*, No. 1:04cv1877 (N.D. Ohio filed Sep. 16, 2004).[1] Although he now seeks § 2241 relief, that section is not an additional,

---

[1] Mr. Batten filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C.§ 2255 asserting: (1) that his conviction was obtained by the use of evidence that was obtained by way of an unconstitutional search and seizure; (2) the conviction was obtained by use of evidence gained pursuant to an illegal arrest; (3) his conviction was obtained as a result of the government failing to disclose evidence favorable to the defendant; (4) his conviction was a result of prosecutorial misconduct; (5) the conviction was obtained by reason of selective prosecution; and (6) he was denied effective assistance of counsel at the trial and appellate levels. The motion was dismissed on the merits by Judge Paul R. Matia on March 1, 2005. Both the application for a certificate of appealability Mr. Batten filed with the Sixth Circuit on March 28, 2005, and the subsequent petition for a writ of certiorari he filed on May 26, 2006 with the United States Supreme Court were denied.

alternative or supplemental remedy to that prescribed under § 2255. *See Bradshaw*, 86 F.3d at 166. Instead, section 2255's safety valve is available only if it appears that the remedy afforded under § 2255 is "inadequate or ineffective to test the legality of his detention." *Accord United States v. Hayman*, 342 U.S. 205, 223 (1952); *In re Hanserd*, 123 F.3d 922, 929 (6th Cir.1997)

It is beyond question that § 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision. *See e.g., Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir.1999) (per curiam). Moreover, the § 2255 remedy is not considered inadequate or ineffective simply because § 2255 relief has already been denied, *see In re Dorsainvil*, 119 F.3d 245, 251 (3d Cir.1997), *Tripati v. Henman*, 843 F.2d 1160, 1162 (9th Cir.), *cert. denied*, 488 U.S. 982 (1988), or because the petitioner is procedurally barred from pursuing relief under § 2255, *see In re Vial*, 115 F.3d 1192, 1194 n. 5 (4th Cir.1997); *Garris v. Lindsay*, 794 F.2d 722, 726-27 (D.C.Cir.) (per curiam), *cert. denied*, 479 U.S. 993 (1986), or because the petitioner has been denied permission to file a second or successive motion to vacate. *See In re Davenport*, 147 F.3d 605, 608 (7th Cir.1998).

Mr. Batten seeks this court's federal habeas relief because he refuses to accept the sentencing court's decision that his conviction is valid. Beyond these facts, petitioner provides no basis upon which he can assert this court's subject matter jurisdiction pursuant to § 2241.

### *Request to Terminate Supervised Release*

Other than citing the civil rights and federal question statutes as alternate bases for this court's jurisdiction, Mr. Batten does not recite any facts that would otherwise suggest how this court has jurisdiction over his claim. Even liberally construing his petition as a request for termination of supervised release pursuant to 18 U.S.C. § 3583(e)(1), he has failed to state a claim.

Supervised release may be terminated after one year, pursuant to § 3583(e)(1), if the defendant's conduct warrants termination, and it is in the interests of justice. *United States v. Spinelle*, 41 F.3d 1056, 1058 (6th Cir.1994). Early termination is a discretionary decision warranted in cases of changed circumstances, such as where the defendant exhibits "exceptionally good behavior." *United States v. Lussier*, 104 F.3d 32, 36 (2d Cir.1997). The legality of a sentence cannot be challenged in a motion to terminate supervised release. *Id.* at 33-37. Therefore, to the extent this is the justification Mr. Batten provides in support of his request for termination of his supervised release term, his request is denied.

For the foregoing reasons, this action is dismissed pursuant to 28 U.S.C. § 2243.[2] The court certifies that an appeal from this decision could not be taken in good faith.[3]

IT IS SO ORDERED.

Dated:   November 8, 2007                             *s/  Sara Lioi*
                                                     HONORABLE SARA LIOI
                                                     UNITED STATES DISTRICT JUDGE

---

[2] The statute provides, in relevant part:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ . . . , *unless it appears from the application that the applicant or person detained is not entitled thereto*.

28 U.S.C. § 2243 (emphasis added).

[3] 28 U.S.C. § 1915(a)(3) provides: "An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith."